IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 4 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00416-BNB

RONALD W. HICKS,

  Plaintiff,

v.

DISTRICT ATTORNEY'S OFFICE OF EL PASO COUNTY,
JOHN NEWSOME, District Attorney,
DONNA BILLAK, Assistant District Attorney, and
STEVEN T. PELICAN, 4th District Judge,

  Defendants.

---

## ORDER TO SUPPLEMENT RECORD

---

Plaintiff, Ronald W. Hicks, is incarcerated at the El Paso County Jail in Colorado Springs, Colorado. Mr. Hicks has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343 (1993), alleging that his constitutional rights were violated by the issuance of an illegal governor's warrant used to extradite him from Wisconsin to Colorado following his arrest for a probation violation. He seeks money damages as relief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Hicks is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Although the Court must construe the complaint liberally, the Court should not be the ***pro se*** litigant's advocate. ***See id.*** For the reasons stated below, Mr. Hicks will be ordered to supplement the record.

Mr. Hicks fails to allege whether he has been convicted on criminal charges related to his probation violation or whether state court criminal charges currently are pending against him. He also fails to explain how the defendants were involved in the issuance of the governor's extradition warrant. Mr. Hicks further is directed to submit to the Court copies any documents he has concerning his extradition from Wisconsin to Colorado on the alleged probation violation. Accordingly, it is

ORDERED that Plaintiff Ronald W. Hicks supplement the record **within thirty (30) days from the date of this order** with the information requested in this order. It is

FURTHER ORDERED that the supplement shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that failure to comply with this order as directed within the time allowed will result in the dismissal of the instant action.

DATED March 22, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00416-BNB

Ronald W. Hicks
Prisoner No. 115447
FCF - Unit 4C 13
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   4-4-07

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk